# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **DANIEL TAYLOR,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:18CV00599 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **WARDEN MANNIS, ET AL.** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |
| | ) | |

*Daniel Taylor, Pro Se Plaintiff; Ann-Marie C. White, Assistant Attorney General, Criminal Justice and Public Safety Division,* OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, *Richmond, Virginia, for Defendants.*

Daniel Taylor, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983. He claims that the defendant prison officials negligently served him pork products while he was periodically housed in segregation despite his inclusion on the non-pork diet list, in violation of his First and Fourteenth Amendment rights. After reviewing the record, I conclude that Taylor is barred from pursuing his claims because he failed to properly exhaust his administrative remedies before filing this action.

I.

Taylor is incarcerated at Wallens Ridge State Prison ("Wallens Ridge"). Taylor has converted to Judaism and, therefore, follows a kosher diet that requires

him to abstain from consuming pork products. Taylor requested to be removed from the Common Fare Religious Diet and placed on a non-pork regular diet in December 2017, but he did not file the proper request for service until months later, despite notifications to him of the proper procedure. Instead, Taylor filed Informal Complaints or Regular Grievances, which were each rejected because they were not the proper request for services. He was eventually placed on the non-pork tray list in August 2018. Taylor was assigned to segregation at various points from approximately September 2018 through March 2019. Correctional officers give offenders in segregation their meals from a food cart, which is prepared by the facility's kitchen. Taylor alleges that the defendants served him pork products on at least four occasions while he was in segregation.

The first alleged instance was on September 1, 2018, when Taylor claims Officer Chandler provided him with lunch meat (precooked or cured meat) that contained a pork product. Officer Chandler confirmed with the kitchen that the lunch meat did not contain pork, but Taylor claims he had a "burning irritation" in his stomach after eating the food. Am. Comp. 4, ECF No. 12. Taylor filed an Informal Complaint on September 2, 2018, in which he also listed other potential contaminations during August 2018. In essence, Taylor's complaint addressed specific items on specific days rather than the kitchen's failure to abide by his non-pork diet. The prison's Food Services Director, S. Stallard, responded on September

11, 2018. Stallard claimed that the kitchen uses turkey-based sausage and a juice is provided as a substitute in place of Pop-Tarts for non-pork consumers, but she did not address Taylor's concern about the lunch meat. She promised to confirm whether the pies used pork-based gelatin.

Taylor filed a Formal Grievance on September 19, 2018, in which he repeated his complaints about specific lapses. The Warden responded to Taylor's grievance as Level I review on October 16, 2018. The Warden explained that the prison kitchen served ham as the lunch meat on September 1, but a non-pork tray had been sent over for Taylor so that he should have received beans. The Warden noted that the blueberry and apple pies are Kosher and do not contain pork-based gelatin, so that Taylor could eat those items. The Warden also confirmed that juice is provided to inmates on a non-pork diet on days when Pop-Tarts are on the menu. The Warden concluded that the grievance was unfounded. Taylor requested Level II review on October 18, 2018. On October 30, 2018, the Regional Director agreed that Taylor's grievance was unfounded. The grievance did not receive Level III review.

The second alleged failure was on September 14, 2018, when Taylor claims Officer Baker gave him a pork sausage patty and some blueberry pie that may have used pork-based gelatin. Officer Baker confirmed with kitchen staff that the patty was a turkey-based sausage patty and the pie did not contain any pork product. Taylor filed an Informal Complaint on December 27, 2018, and complained that

food services was not honoring his No Pork Regular Diet status, and then listed examples. A prison official from the kitchen, R. Brock, responded on January 4, 2019, and returned the form without processing it because Taylor's complaint requested services. Brock notified Taylor that he was not on the non-pork list and that he had to send a service request to the kitchen in order to be added to the list. Taylor submitted the proper forms on January 8, 2019, and he was placed back on the non-pork list on January 10, 2019. Taylor continues to receive non-pork compliant meals.

Nonetheless, Taylor filed a Formal Grievance on January 24, 2019. He repeated his previous complaints, as well as clarified for the first time that "consumption of pork or anything contaminated with pork" was a "violation of [his] religious beliefs." Mem. Supp. Mot. Summ. J. Ravizee Aff., Enclosure E at 26, ECF No. 24-1. A Grievance Coordinator, B. Ravizee, returned the grievance on January 25, 2019, because it was a request for services. Ravizee wrote into the intake form that Taylor needed to submit a request to food services to change his diet plan to non-pork.

The third alleged error was on December 29, 2018, when Taylor claims Officer Brown delivered lunch meat that contained a pork product. Taylor did not file an Informal Complaint or a Formal Grievance listing this incident date.

The final alleged mistake occurred on an unspecified date, when Taylor claims Officer Baker delivered lunchmeat with pork product. Taylor alleges that Officer Baker refused to correct the error because he said Taylor was not on the non-pork list, and instead the defendant told Taylor to eat everything but the meat. Taylor did not file an Informal Complaint or Formal Grievance.

Taylor filed his Complaint in this court on November 29, 2018, and amended it on May 20, 2019. Taylor initially styled his claim as a lack of access to the court system. Comp. 2, ECF No. 1. His Amended Complaint altered his claims to failure to provide a non-pork diet, in violation of his First and Fourteenth Amendment rights. Am. Comp. at 4–7, ECF No. 12. Taylor did not specify his religious beliefs until subsequent filings, in which he claims to be a convert to Judaism.

The defendants have filed a Motion for Summary Judgment, contending, among other things, that Taylor failed to exhaust his available administrative remedies before filing this action as required by 42 U.S.C. § 1997e(a). Taylor has responded to the defendants' motion, making it ripe for disposition.

II.

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot bring a civil action concerning prison conditions until he has first exhausted available administrative remedies. 42 U.S.C. § 1997e(a). This exhaustion requirement is "mandatory," *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016), and

"applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To comply with § 1997e(a), an inmate must follow each step of the established grievance procedure that the facility provides to prisoners and meet all deadlines within that procedure. *See Woodford v. Ngo*, 548 U.S. 81, 90–94 (2006). Even if the particular form of relief the inmate seeks in his lawsuit is not available through the prison's grievance proceedings, he must, nevertheless, exhaust all available remedies under that procedure before bringing a civil action in this court. *Booth v. Churner*, 532 U.S. 731, 741 (2001).

As stated, the defendants argue that Taylor did not exhaust available administrative remedies before filing this lawsuit. In support of this contention, they present two affidavits, first from Wallens Ridge Human Rights Advocate B. Ravizee and the second from Assistant Food Operation Director R. Brock. Operating Procedure ("OP") 866.1 is the written administrative remedies procedure that VDOC inmates must follow to comply with § 1997e(a). Most issues are grievable except for a small subset, including but not limited to multiple complaints in a single form, an expired filing period, repetitive complaints, or a request for services.

Under this procedure, an inmate with a grievance about some event or issue must first make a good faith effort to resolve his concerns informally, which he may do by completing an Informal Complaint form and submitting it to prison staff. They will receive a written response on the bottom of the Informal Complaint form within

fifteen days, in order to allow them to initiate the formal grievance procedure by filing a Regular Grievance within thirty days of the occurrence about which it complains. After investigation of the Regular Grievance, the warden or their designee will send the inmate a Level I response. If the responding official determines the grievance to be unfounded, the inmate must appeal that holding to Level II, the regional administrator, and in some cases, to Level III.

The defendants bear the burden of proving the affirmative defense that Taylor failed to exhaust available administrative remedies regarding his claims before filing suit. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Ravizee notes that the first time Taylor attempted to grieve the failure to honor his non-pork diet was when he submitted an informal complaint on December 27, 2018, and then his subsequent regular grievance on January 24, 2019. His previous complaint discussed a handful of specific instances rather than a general failure by the defendants and kitchen staff to abide by his non-pork diet, as well as omitted that his non-pork diet was for religious reasons. Therefore, Taylor did not attempt administrative remedies until after he filed his initial Complaint, albeit before his Amended Complaint.

In addition, Ravizee contends that Taylor was notified prior to his Amended Complaint of the proper procedure to get back on the non-pork list and was added back to the list in January 10, 2019. Moreover, Taylor had been notified of the proper procedure as early as February 2018, when he first attempted to get put on a

non-pork diet.  Ravizee avers that Taylor did not properly exhaust all administrative remedies because the OP 866.1 grievance procedures were not the proper mechanism.  Accordingly, I conclude that the defendants have established Taylor's failure to exhaust administrative remedies as required under § 1997e(a).

An inmate may escape summary judgment under § 1997e(a) if he states facts showing that the remedies under the established grievance procedure were not "available" to him.  *Ross*, 136 S. Ct. at 1859 (noting that circumstances making prison grievance procedures unavailable "will not often arise").  Generally, "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008).

Taylor has not offered any evidence that anything or anyone prevented him from utilizing the proper steps of the Wallens Ridge administrative procedures. Ultimately, Taylor's non-pork diet status was not transferred with him when he was moved to segregation.  However, Taylor failed to file the proper forms to rectify the problem, despite being explicitly notified about which form to file when he first attempted to get on the list in December 2017.  Taylor does not address the defendants' exhaustion argument in his response but raises entirely unrelated matters.  I thus find no material fact in dispute on which Taylor could persuade a reasonable fact finder that the established administrative remedies were unavailable

to him. Because he failed to follow the proper administrative process as dictated by OP 866.1, or to show that this process was unavailable, his claims in the Complaint are unexhausted and must be dismissed.[1]

III.

For the foregoing reasons, I will grant the defendants' Motion for Summary Judgment under § 1997e(a) as to Taylor's claims.[2] Because I find it clear from the record that Taylor no longer has an available administrative remedy regarding these claims, I will dismiss them with prejudice.

A separate Order will be entered herewith.

ENTER: March 23, 2020

/s/ *JAMES P. JONES*
United States District Judge

---

[1] I do not address the defendants' other arguments in their Motion for Summary Judgement, as this motion can be disposed of due to Taylor's failure to exhaust his administrative remedies.

[2] In Taylor's response to the defendants' motion, he complains about unrelated incidents in which he claims religious discrimination and discusses a medical condition that prevents him from eating beans. Mot. Proceed Trial 2–4, ECF No. 27. These separate issues, even if proven, have no bearing on my decision that Taylor failed to exhaust his administrative remedies within the time limits under OP 866.1 regarding the kitchen's lapses in honoring his non-pork diet. Moreover, I find no basis for construing the response as a motion seeking to add new claims to the action because Taylor does not demonstrate that he exhausted available administrative remedies as to these separate matters, and it appears at least some of them were already filed as claims in a separate civil case. Accordingly, I do not consider the allegations in his response to be claims properly raised before the court in this action.